**MATTEO, Plaintiff-Appellee, v. MATTEO and FIRST
NATIONAL BANK OF AKRON, Gdn., Defendants-Appellants.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 502.   Decided September 9, 1952.

Howard M. Nazor, Ashtabula, for plaintiff-appellee.

Brouse, McDowell, May, Bierce & Wortman, Akron, for de-
fendants-appellants.

**OPINION**

By PHILLIPS, J.

In May, 1951, the Probate Court of Summit County (where the parties Matteo last lived together as husband and wife) overruled plaintiff's motion to be appointed guardian of her husband, defendant, Gus A. Matteo, an adjudged mentally incompetent person.

Thereafter the judge of that court suggested to defendant, First National Bank of Akron, that it make application for appointment as guardian of the defendant, Gus A. Matteo.

On May 11, 1951, defendant bank was appointed guardian of the estate of defendant Matteo, an incompetent.

At the time of such appointment defendant Matteo had been confined in the psychiatric ward of the Crile Veterans Hospital at Cleveland since April 15, 1950.

On September 28, 1951, the court of common pleas of Ashtabula County granted plaintiff a divorce from defendant Matteo on the ground of extreme cruelty, awarded her custody of the three minor children of the parties, and ordered defendant bank to pay her $100.00 each month for the support of herself and her children from the monthly income being paid to it for and on behalf of defendant Matteo by the Government of the United States, and to pay the costs of the divorce action.

Defendants appealed from the judgment of the court of common pleas to this court on questions of law.

As its principal ground of error defendant contends "that the plaintiff, Mary C. Matteo was prevented from testifying to all facts which occurred prior to the bank's appointment, as the guardian of Gus A. Matteo, by reason of the express provisions of §11495 GC."

On trial of her action for divorce in the court of common pleas plaintiff was interrogated on direct examination concerning facts which transpired prior to defendant bank's appointment as guardian of the estate of defendant, Gus Matteo. Counsel for defendants objected to the introduction of such testimony. The trial judge overruled defendants' objection, and permitted plaintiff to testify to such facts. At the conclusion of plaintiff's testimony counsel for defendant bank moved the trial judge to strike such testimony. The trial judge overruled that motion.

Under the heading "General Observations as to the Law" defendants contend that "mental incapacity or insanity, whether temporary or permanent in character, is no ground for divorce. Insanity is not ground for divorce."

Defendants support their contention by the cases of **Heim**

v. **Heim, 35 Oh Ap 408;** Clowry v. Clowry, 16 C. C. (n. s.) 302; and §11979 GC.

Also defendants contend that "where there is known mental incapacity or insanity, a court cannot enter a decree unless the incompetent is represented by (a) his guardian if he has one, or (b) by a trustee appointed by the court if he has no guardian," and cites as authority §11249 GC.

Further defendants contend that "the guardian must be made a party and must be served with process"; that it is the express duty of the guardian to defend all suits brought against his ward; that the guardian can not make admissions prejudicial "to such person of unsound mind"; and that the word "guardian" is statutorily defined as including a guardian of both person and estate. Defendants support their respective contentions by §11249 GC; **Wiegand v. Wiegand, 29 Oh Ap 76;** §10507-15 GC; and §11322 GC.

Plaintiff contends that the sole question presented to this court by defendants' appeal is whether the trial judge erred prejudicially in permitting plaintiff to testify, in violation of the provisions of §11495 GC, to facts, or with respect to facts, which occurred prior to May 11, 1951, the date of the appointment of defendant bank as guardian of defendant, Gus A. Matteo; that the words "insane" or "insane person" are not used any place in the part of §10507-1 GC, upon which defendant bank relies; that rather the word "incompetent" is used therein; that "there is a wide difference between an "incompetent person" and an "insane person"; that had the legislature "intended that in cases where a guardian had been appointed for an incompetent, the adverse party could not testify, the legislature would have so stated in §11495 GC"; and that since the word "incompetent" was not used it "apparently was purposely left out by the legislature."

Arguing this claimed distinction by brief further plaintiff quotes the following provision of §10507-1 GC, which defendant bank stressed in its argument:—

"The term 'incompetent' means any person, who by reason of advanced age, improvidence, or mental or physical disability or infirmity, is incapable of taking proper care of himself or of his property or neglects or fails to provide for his family or for other persons for whom he is charged by law to provide.

"* * * The terms 'insane' and 'lunatic' include every species of insanity or mental derangement."

Further arguing this claimed distinction by brief plaintiff states:—

"Had the legislature intended the latter paragraph to apply to the former, it would have used the words 'mental disability'

or 'infirmity' and not the words 'insanity or mental derangement.' Insanity or mental derangement is a far call from 'mental disability or infirmity.' The statute should be strictly construed and nothing should be read into the second paragraph above quoted that is not there."

The testimony is undisputed that at the time of trial in the court of common pleas defendant Matteo was confined behind steel bars in the psychiatric ward of the Crile Veterans Hospital in Cleveland, and so mentally disabled as to be unable to converse rationally, and so disordered, deranged, and deficient mentally as to "be unable to manage his affairs and perform his social duties."

In our opinion defendant Matteo is an "insane" person as defined by statute and Webster's unabridged dictionary, and clearly is the type of person to whom reference is made in §11495 GC, which as applicable provides:—

"A party shall not testify when the adverse party is the guardian of an insane person * * *, except:

"1. The facts which occurred after the appointment of the guardian * * *."

The terms "insane" and "lunatic" include every species of insanity or mental derangement. **Sec. 10507-1 GC.**

The third syllabus of **Torrance v. Torrance, 147 Oh St 169,** discussed by brief by counsel for both the parties, holds:—

"A plaintiff in a divorce action may testify in his own behalf where the action is defended by a trustee for the suit appointed pursuant to §11249 GC, requiring that, in the absence of a guardian or in case of his disability, the defense of an insane person be by a trustee for the suit appointed by the court in which the action is pending."

The case of Torrance v. Torrance, supra, is not authority, as urged, for permitting plaintiff to testify in the case we review in her own behalf to facts other than those "which occurred after the appointment of the guardian" for the reason that the defense in the case was made by a guardian and not by a trustee.

Obviously we conclude that the trial judge erred prejudically to defendants in permitting the plaintiff to testify to facts occurring prior to the appointment of defendant bank as guardian of defendant, Gus A. Matteo.

While it is contended by the plaintiff that there is evidence in the bill of exceptions other than her testimony warranting the trial judge granting her a divorce we find no such evidence.

As to defendant bank's "general observations as to the law" there is no allegation in the petition basing the right to divorce

on the ground of the insanity of defendant Matteo, nor mention of his insanity made therein.

The judgment of the trial court must be and hereby is reversed and the cause is remanded to that court for further proceedings to be had in accordance with law.

NICHOLS, PJ, GRIFFITH, J, concur.